IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | CRIMINAL ACTION NO. |
| : | 1:10-CR-0513-RWS-CCH |
| JAMES PEFANIS : | |
| : | |

**ORDER FOR SERVICE OF REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge in this action in accordance with 28 U.S.C. § 636(b)(1) and this Court's Criminal Local Rules 12.1(E) and 58.1(A)(3).

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within fourteen (14) days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and

any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

Pursuant to 18 U.S.C. 3161(h)(1)(D), the above referenced fourteen (14) days allowed for filing objections are **EXCLUDED** from the computation of time under the Speedy Trial Act.  At the end of such fourteen-day period, if there are no objections, the Clerk is **DIRECTED** to submit this Report and Recommendation to the District Judge.  If there are objections, the other party or parties shall have fourteen (14) days from the filing of those objections to respond, and that fourteen-day period shall also be **EXCLUDED** from the computation of time under the Speedy Trial Act. Thereafter, the Report and Recommendation along with any objections and responses shall be submitted to the District Judge.

After such submission of this Report and Recommendation, whether or not objected to, the Clerk is **DIRECTED** to **EXCLUDE** from the computation of time under the Speedy Trial Act the time, up to thirty (30) days, that this Report and Recommendation is under advisement before the District Court. *Henderson v. United States*, 476 U.S. 321, 331 (1986) (the Speedy Trial Act "exclude[s] all time that is consumed in placing the trial court in a position to dispose of a motion.); *United States*

*v. Mers*, 701 F. 2d 1321, 1337 (11th Cir. 1983) ("[T]he magistrate and the district court have thirty days each during which to take pretrial motions under advisement.").

IT IS SO ORDERED this 1st day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 1:10-CR-0513-RWS-CCH |
| JAMES PEFANIS | : | |
| | : | |

**REPORT AND RECOMMENDATION**

Defendant is charged in the indictment with four separate counts related to allegations that he submitted a false statement and falsely testified under oath in connection with a civil lawsuit. The action is before the Court on Defendant's Motion to Dismiss Count Three or Count Four for Multiplicity [20] ("Motion to Dismiss"). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion to Dismiss [20] be **DENIED**.

**BACKGROUND**

The Indictment in this case alleges that, on December 17, 2007, Jane Doe filed a civil lawsuit against Defendant James Pefanis and others, Case Number 1:07-CV-3116 in the United States District Court for the Northern District of Georgia (the "Lawsuit"). Indictment [6] at 3. The Indictment further alleges that the Lawsuit was

based on Jane Doe's allegation that Pefanis, who was the Chief Executive Officer ("CEO") of AME Financial Corporation, Jane Doe's employer at the time, committed an act of battery against Jane Doe and engaged in an act of sexual harassment against her. Indictment [6] at 2-3. The Indictment alleges that, during the course of that Lawsuit, Pefanis, along with his co-conspirators, attempted to solicit a false statement from John Doe to submit as evidence in the Lawsuit, and when John Doe refused to sign the statement, Pefanis and his co-conspirators filed the "John Doe Statement" with a forged signature. Indictment [6] at 3. The Indictment also alleges that Pefanis falsely testified under oath in the Lawsuit on or about September 21, 2009, that John Doe had, in fact, signed the John Doe Statement. Indictment [6] at 3.

A federal grand jury returned a four-count Indictment against Defendant Pefanis on December 9, 2010, charging that Defendant: did knowingly and intentionally combine, conspire, confederate, and agree to knowingly and corruptly influence, obstruct and impede, and endeavor to influence, obstruct, and impede the due administration of justice, in violation of 18 U.S.C. §§ 371 and 1503 (Count One); did corruptly influence, obstruct, and impede and endeavor to influence, obstruct, and impede the due administration of justice in Case Number 1:07-CV-3116, in the United States District Court for the Northern District of Georgia, by causing the John Doe

2

statement, a false document containing a forged signature, to be filed, in violation of 18 U.S.C. § 1503 (Count Two); did corruptly influence, obstruct and impede, and endeavor to influence, obstruct, and impede the due administration of justice in Case Number 1:07-CV-3116, in the United States District Court for the Northern District of Georgia, testifying falsely under oath with regard to the John Doe statement, in violation of 18 U.S.C. § 1503 (Count Three); and, while under oath as a witness in Case Number 1:07-CV-3116, in the United States District Court for the Northern District of Georgia, knowingly did make a false material declaration, in violation of 18 U.S.C. § 1623 (Count Four). Indictment [6] at 1-8.

On January 24, 2011, Defendant filed the Motion to Dismiss Count Three or Count Four for Multiplicity [20], arguing that the Court must dismiss either Count Three or Count Four on the ground that those counts charge Defendant with a single offense in two separate counts, and thus, that one of the counts must be dismissed as multiplicitous. The Government filed a response [21] on February 3, 2011, and the Defendant had until February 17, 2011, to file a reply brief but chose not to do so, at which time the Motion to Dismiss became ripe for resolution by the Court.

**DISCUSSION**

Defendant Pefanis has moved to dismiss either Count Three or Count Four on the ground that those counts are multiplicitous. Multiplicity occurs when a single offense is charged in several counts. 1A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 142 (3d ed. 1999). The danger of multiplicity is that when one criminal act is punished across several counts, the jury may believe the defendant has committed more criminal acts than he actually has, or the defendant may receive multiple sentences for one crime. *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000).

To determine whether multiple counts of an indictment are multiplicitous, courts look to whether the counts charge a single offense or "distinct and separate" offenses. *See United States v. Langford*, 946 F.2d 798, 802 (11th Cir. 1991). Multiple counts are not multiplicitous when they all stem from a statute that creates several different offenses. *See, e.g., United States v. Martinez-Gonzales*, 89 F.Supp. 62, 64-65 (D.C. Cal. 1950). Similarly, a substantive offense and conspiracy to commit that offense may be charged separately without being multiplicitous, because conspiracy and a completed offense are considered to constitute separate crimes. *Iannelli v. United States*, 420 U.S. 770, 777-78 (1975).

Multiplicitous counts in an indictment do not require the entire indictment to be dismissed; instead, the appropriate remedy for multiplicity is for the court to consolidate a multiplicitous charge into one count, or to issue special instructions to the jury. *See* Wright & Miller at § 142. Thus, if Count Three and Count Four of the Indictment in this case were indeed multiplicitous, the appropriate remedy would be to consolidate those offenses into one count, or to issue special instructions to the jury.

In the instant action, Defendant argues that Count Three and Count Four are mulitiplictious because they allege "the same facts and circumstances," and thus, he argues, they charge the Defendant with the same offense in separate counts. Defendant argues that "[i]t is undisputed that the facts alleged in Count Three and Count 4 are the same, yet the Government has charged the Defendant with two different violations for the same facts, to wit violations of 18 USC § 1503 and 18 USC 1623, respectively." Def. Br. [20] at 2. Indeed, it is undisputed that both Count Three and Count Four allege the same underlying conduct: that Defendant made a false statement under oath regarding the John Doe Statement. In Count Three, the Defendant is charged with obstruction of justice by testifying falsely under oath, in violation of 18 U.S.C. § 1503, and in Count Four, the Defendant is charged with making a false material declaration, or perjury, in violation of 18 U.S.C. § 1623.

Whether a single act may be punished under more than one statute across multiple counts is generally evaluated under "the *Blockburger* test." *See Blockburger v. United States*, 284 U.S. 299, 304 (1932). In *Blockburger*, the defendant was convicted in two counts for one drug transaction: he was convicted in one count of selling a drug not in its original packaging, and in another of selling the same drug without a written order of the purchaser. *Id.* at 301. The Supreme Court in that case announced the general test to be applied when a defendant is accused of committing two offenses on the basis of the same act: "The applicable rule is that, where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is *whether each provision requires proof of an additional fact which the other does not*." *Id.* at 304 (emphasis added). In that case, the offense in one count (selling a drug outside its original packaging) and the offense in the other count (selling a drug without the purchaser's order) each required an additional element of proof that the other did not; thus, the *Blockburger* Court concluded that the defendant was properly convicted under both counts.

In response to the Defendant's argument that Count Three and Count Four are multiplicitous, the Government argues that, under the *Blockburger* test, the counts are

6

not multiplicitous because, although the underlying conduct alleged in each offense is the same, each offense requires proof of an element that the other does not. *See* Gov. Br. [21] at 4-5. In support of that argument, the Government cites the Second Circuit case of *United States v. Langella*, 776 F.2d 1078 (2d Cir. 1985), which held that the offenses of obstruction of justice and perjury are separate and distinct offenses under the *Blockburger* test, even when each offense is based on the same alleged false statement.

> Comparison of the statutory provisions at issue here establishes that perjury and obstruction of justice are distinct offenses under the *Blockburger* analysis. The definitions of perjury and of obstruction of justice each require proof of elements that the other does not. To show perjury, the government must demonstrate the falsity and materiality of a witness' statements. 18 U.S.C. § 1623. Neither element is needed to prove obstruction of justice under 18 U.S.C. § 1503. Under that section, the government need only establish that a witness has deliberately attempted to frustrate a grand jury's investigation, *see United States v. Alo*, 439 F.2d 751, 754 & n. 4 (2d Cir.), *cert. denied*, 404 U.S. 850, 92 S. Ct. 86, 30 L.Ed.2d 89 (1971), not that the statements made were false or material. Conversely, to convict under section 1623, the government need not prove that a defendant has obstructed the administration of justice. As each offense requires proof of an element that the other does not, imposition of consecutive sentences for perjury and for obstruction of justice does not run afoul of the principle stated in *Blockburger*. *See United States v. Bridges*, 717 F.2d 1444, 1448-51 (D.C.Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S. Ct. 1310, 79 L.Ed.2d 708 (1984).

*Langella*, 776 F.2d at 1082-83.

7

In determining that the offenses of obstruction of justice and perjury were separate and distinct offenses under the *Blockburger* test, the *Langella* court relied on the Supreme Court decision in *Albernaz v. United States*, 450 U.S. 333 (1981), which held that the application of the *Blockburger* test "focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof required to establish the crimes." *Langella*, 776 F.2d at 1082 (*quoting Albernaz*, 450 U.S. at 338).

Although neither party has cited an Eleventh Circuit case directly on point, the weight of authority appears to be in accord with the *Langella* decision, holding that the offense of obstruction of justice under 18 U.S.C. § 1503 is a distinct and separate offense from that of perjury under 18 U.S.C. § 1623, even when the underlying conduct or the alleged false statement is identical in both offenses. *See, e.g., United States v. Bridges*, 717 F.2d 1444, 1448-51 (D.C. Cir. 1983) ("Applying the *Blockburger* test in light of *Albernaz*, we find it uncontroverted that the two statutory provisions [§ 1503 and § 1623] each contain an element not in the other. The intent of Congress thus must have been to punish twice those who found a way to violate both statutes with a single course of action."); *United States v. Watt*, 911 F. Supp. 538, 549 (D.D.C. 1995) ("Under the *Blockburger/Albernaz* test as set forth in *Bridges*,

defendant's multiplicity argument must be rejected because the perjury and obstruction charges constitute separate crimes for which Congress has provided separate penalties."); *United States v. Teicher*, 726 F.Supp. 1424, 1438 (S.D.N.Y. 1989) ("In order for the government to prove perjury it must establish that the defendant was under oath, a fact not necessarily required by the obstruction charge. The obstruction charge requires that the government prove that the defendant influenced, obstructed or impeded, or endeavored to influence, obstruct or impede due administration of justice, a fact not required by the perjury charge.").

Although it is undisputed that the Defendant is charged with committing the same underlying conduct in both Count Three and Count Four, testifying falsely under oath regarding the John Doe Statement, that was also the factual scenario in *Blockburger*. In *Blockburger*, count three charged a sale of a drug not in its original package in violation of one section of a statute, and count five charged a violation of another part of the same statute (sale made without a written order). Both charges arose out of the same sale; that is, the facts forming the basis for each count were identical. Because the legal elements of each charge were different, however, the Court held that a single act could support both counts.

That is precisely the issue in this case.  Defendant Pefanis is charged in more than one count on the basis of the same underlying conduct. The undersigned finds the reasoning of *Langella* and the other cited cases persuasive, that under the *Blockburger* test, as interpreted and clarified by *Albernaz*, the offense of obstruction of justice under 18 U.S.C. § 1503 and the offense of perjury under 18 U.S.C. § 1623 are separate and distinct offenses, even when the underlying false statement giving rise to each offense is the same. Because each statute requires proof of an element that the other does not, the two offenses are separate under *Blockburger*, and are thus not multiplicitous.

## RECOMMENDATION

For all the above reasons, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss [20] be **DENIED**.

**IT IS SO RECOMMENDED** this 1st day of March, 2011.

_____
C. CHRISTOPHER HAGY
UNITED STATES MAGISTRATE JUDGE